UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT BHAMBRA,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF THE FEDERAL COURTS OF THE UNITED STATES, et al.,<br><br>Defendants. | Case No.18-cv-05681-JSW   (JD)<br><br>**ORDER RE MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 19 |

Pro se plaintiff Harjit Bhambra has moved to disqualify the Honorable Jeffrey S. White, United States District Judge, as the presiding district judge in this case. Dkt. No. 19. The motion is denied.

**BACKGROUND**

Bhambra filed a complaint under the Freedom of Information Act ("FOIA") seeking to compel the production of signed oaths of office for certain judges in this district. Dkt. No. 5. Bhambra declined to proceed before a magistrate judge and the case was randomly reassigned to Judge White on September 26, 2018. Judge White set a case management conference for December 21, 2018, which he vacated on December 17, 2018, because Bhambra had not properly served defendants under Federal Rule of Civil Procedure ("Rule") 4(i), which governs service on the United States and its agencies. Judge White reviewed a certificate of service that Bhambra had filed and concluded it did not show that Rule 4(i)'s requirements had been met. Dkt. No. 15. Judge White attached to the order a copy of a letter about service that the office of the United States Attorney had sent Bhambra in October 2018 that set out the requirements for service under Rule 4(i). *Id*. Judge White also noted that FOIA expressly excludes "the courts of the United States" from its purview. *Id*. He issued an order to show cause directing Bhambra to explain why his suit should go forward in light of that, and how he intended to address service. *Id*.

1    Bhambra filed an "objection and response" to the Order to Show Cause that made a
2    number of disparaging and vituperative remarks about the federal judiciary and judges in this
3    district. Dkt. No. 16. For present purposes, the most relevant portion of the response alleged that
4    the letter attached to Judge White's order indicated impermissible ex parte contacts between the
5    court and defendants. *Id.* at 3-4.

    Bhambra's motion to disqualify Judge White is based mainly on that allegation, along with nonspecific claims of "bias" and "dishonesty." Dkt. No. 19. Although perfectly entitled to decide the motion himself, on January 16, 2019, Judge White referred the motion for assignment to another district judge, and deferred ruling on Bhambra's response to the Order to Show Cause. Dkt. No. 22. Judge White also explained that he had received a copy of the letter from the United States Attorney in connection with his standing requirement that the office provide him with weekly reports identifying the assistant attorneys who would appear at his criminal calendar call. *Id*. As Judge White indicated, that requirement was implemented in response to concerns that had nothing at all to do with Bhambra or his case. *Id*.

## DISCUSSION

Bhambra moves for disqualification under 28 U.S.C. Sections 144 and 455. Under Section 144, the moving party must show through a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." And under Section 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or where he has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

While the procedure for motions under Section 144 and Section 455, respectively, is slightly different, the governing standard is the same. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1089 (N.D. Cal. 2017). That standard is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). The "reasonable person" for this inquiry is not someone who is

2

hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. *Id.*

In evaluating recusal or disqualification, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quotation omitted). Our circuit also holds that "section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Id.* at 1178 (quotation omitted).

Nothing in the record comes even close to indicating that Judge White should be disqualified for any reason. Bhambra's allegations of bias and dishonesty are entirely unsupported by any facts. There is also no evidence of any impermissible ex parte contacts between Judge White and the United States Attorney. All Bhambra establishes is that Judge White got a copy of the same letter Bhambra himself received. And as Judge White stated, that was in the context of a requirement he imposed on the United States Attorney that is completely unrelated to this case.

## CONCLUSION

Plaintiff has not demonstrated any facts or circumstances that would cause a "well-informed, thoughtful observer" to conclude that Judge White's impartiality might reasonably be questioned. *Holland*, 519 F.3d at 913-14. The motion to disqualify Judge White from continuing to preside over this case is denied.

**IT IS SO ORDERED.**

Dated: February 26, 2019

JAMES DONATO
United States District Judge